No. 13145

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

v.

NELSON "BUCK" SANFORD,

Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Kampfe, Tolliver & Wright, Billings, Montana
Charles F. Moses, argued, Billings, Montana.

For Respondent:

Hugh B. Brown, Clayton R. Herron, Helena, Montana
Jack Yardley, County Attorney, Livingston, Montana
Mike Greely, Attorney General, Helena, Montana
Clayton R. Herron, argued, Helena, Montana.

---

Submitted: June 9, 1977

Decided: JUN 22 1977

Filed: JUN 22 1977

*Thomas J. Kearney*

Clerk.

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment of the district court Park County, from a jury verdict of guilty of littering public property.

Nelson "Buck" Sanford was issued a citation by a state game warden on July 17, 1973, charging him with the crime of leaving litter on public property in violation of section 94-3336, R.C.M. 1947, claimed to have been committed at "Wolverine Pass" on or about October 20, 1972. Section 94-3336 at the time involved provided:

> "Littering public or private properties unlawful--exceptions. It is unlawful for any person or persons to dump, deposit, throw or leave, or to cause or permit dumping, depositing, placing, throwing, or leaving of litter on any public or private property in this state, or any waters in this state, unless:
>
> "(1) Such property is designated by the state or by any of its agencies or political subdivisions for the disposal of such material, and such person is authorized by the proper public authority to use such property;
> "(2) Into a litter receptacle, or container installed on such property;
> "(3) He is the owner or tenant in lawful possession of such property, or has first obtained consent of the owner or tenant in lawful possession or unless the act is done under the personal direction of said tenant or owner."

A formal complaint was filed in the justice court, Livingston, Montana, before the justice of the peace on July 17, 1973, charging Sanford with a misdemeanor on or about October 15, 1972, at Wolverine Pass, in that he did "wilfully, wrongfully and unlawfully leave litter on public property located in Section Eight (8), Township Nine (9) South, Range Fourteen (14) East, M.P.M., Park County, Montana".

Trial was held before the justice of the peace without a jury and a verdict of guilty entered therein. Appeal was perfected to the district court, Park County.

Thereafter a jury trial was held before the district court on May 12 and 13, 1975, and a jury verdict of guilty entered. Appeal was then perfected from the final judgment of the district court to this Court.

The principal facts are largely uncontradicted. Sanford has been an outfitter and licensed for about 20 years; he kept and maintained a camp in Park County, Montana, known as the "Wolverine Pass" campsite for over 25 years. For many years this business was conducted under his name alone, but after his son, Ron Sanford, returned from the service and secured an outfitter's license, the business was conducted under the name of Sanford and Sons; Buck Sanford and his three sons, Ron, Lon, and Rick.

At the time of the incident in question in 1972, Sanford and Sons applied for and was granted a permit from the forest service for the use of this particular Wolverine Pass campsite. At different times during the hunting season in the Fall of 1972, Buck Sanford and all three of his sons were there guiding and outfitting hunters. Each at different times took different parties into this area, and at different times used the campsite.

On October 2, 1972, Vern Waples, a law officer, served certain civil papers on Buck Sanford at the campsite. Those papers had no bearing on the present matter. While Waples was at the campsite, he made an inspection of the premises which was one of his duties. He found no actionable violations as of October 2, 1972.

- 3 -

Several days after receipt of the papers, Buck Sanford left the campsite and did not return until the following year. Thereafter his sons used the campsite and did so until October 28, 1972. At that time winter storm conditions and increasing snow required the camp be closed and so Rick and Lon Sanford and three other persons proceeded to arrange to remove all equipment, articles and litter from the campsite.

When the sons returned to the campsite with a tracked vehicle, they found one person had suffered a broken arm and they removed that person, the horses and what equipment they could. They were unable to return because of weather conditions for the remainder of their property and the litter. In justice court the state admitted the defendant called and explained the matter to the forest service and apparently was assured that all was well if the remainder of the items were removed the next summer. This was denied in the district court.

During the trial in district court, it was never established the defendant was present or had anything to do with the litter. To the contrary, one of his sons testified he was the responsible party, if there was a criminal violation, in light of the circumstances.

Defendant presented eight issues to this Court for review, which include sufficiency of the evidence; improper evidence admitted and denial of a number of defendant's proposed jury instructions.

We could burden this opinion with a dissertation on the points raised by defendant, but the pertinent point is that the state never proved its case under any theory.

The record does not establish that defendant did litter illegally. The testimony of Vern Waples proves that up to

October 2, 1972, there was no litter. Defendant left several days later and there is no testimony that he littered or permitted littering at any time. The camp was in operation until nearly the end of October 1972. Defendant is charged with wilfull, wrongful, and unlawful leaving of litter on public property. The state admits defendant is only being prosecuted for the reasons he is "a named permittee responsible for the area which became littered and was left as littered while in the scope and mantle of his responsibility." (Emphasis supplied.) This is not even a proven fact. The permit was issued to Sanford and Sons and one of the sons, in court, admitted to being the responsible party after his father left the campsite.

The judgment of conviction is reversed and the case is dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -